IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM WAYNE WATTS,

       Petitioner,

vs.                                           No. CIV-10-436 LH/ACT

ANTHONY ROMERO, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

       Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION [1]

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 4, 2010. [Doc. 1.] Petitioner William Wayne Watts ("Mr. Watts") is currently in the lawful custody of Respondent Anthony Romero, Warden, pursuant to a valid Judgment, Sentence and Commitment filed on September 10, 2009 in the Twelfth Judicial District Court, Otero County, Cause No. CR-2009-211. [Doc. 11-1, Ex. A.]

    2. Mr. Watts requests appointment of counsel to assist him. [Doc. 3.] Factors the Court

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

weighs when considering a motion for appointment of counsel include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issued raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), *quoting Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  Having reviewed the pleadings and the pertinent case law in light of the above mentioned factors, the Court finds that based on the merits of Mr. Watts claim, as further discussed below, Mr. Watts does not require counsel to assist him. The Court will deny this request.

   3.  Mr. Watts does not challenge his current conviction.  Rather he challenges the time that he served under a previous conviction in 2006.  This conviction (Otero County District Court Cause No. CR-2005-003) was reversed on direct appeal. [Doc. 1; Doc. 11-1, Ex. E.]

   4.  Mr. Watts asserts as his grounds for relief that he was held for an additional four months past his release date after the reversal of his 2006 conviction in Otero County District Court Cause No. CR-2005-003.  Mr. Watts claims that his conviction was reversed on November 20, 2006 by the New Mexico Court of Appeals but he was not released until March 2007.  Mr. Watts asks this Court to credit these four months served in Otero County Cause No. CR-2005-003 to the sentence he is currently serving in Otero County Cause No. CR-2009-211. [Doc. 1.]

   5.  Respondent filed an Answer requesting that the Petition be denied and dismissed without prejudice on the following two  grounds: (1) Mr. Watts is not "in custody" as required by 28 U.S.C. § 2254, and (2) Mr. Watts has failed to exhaust the remedies available to him in state court.  [Doc. 11.]

Factual and Procedural Background

   6.  On September 10, 2009 Mr. Watts, following the entry of a No Contest Plea and

Disposition Agreement, was convicted and sentenced for driving under the influence and for driving without a license.  This was  a seventh or subsequent offence for driving under the influence. [Otero County Cause No. CR-2009-211, Doc. 11-1, Ex. A.]

7.  On December 2, 2009, Mr. Watts's attorney filed a Motion for Reconsideration and Motion for Modification and Reduction of Sentence. [Doc. 11-1, Ex. C.]   The state court denied the Motion for Modification and Reduction of Sentence on January 7, 2010. [Doc. 11-1, Ex. D.] Mr. Watts has not filed a Petition for Writ of Habeas Corpus with the trial court or the Supreme Court of New Mexico.

8.  In his Application for Writ of Habeas Corpus filed in this Court, Mr. Watts does not challenge the 2009 plea or sentence, but rather challenges a sentence under a previous conviction in 2006 for driving under the influence. [Doc. 11-1, Ex. E.]  This conviction was reversed on appeal. [Doc. 11-1, Ex. K .]

## Analysis

### Mr. Watts does not meet the "in custody" requirement of 28 U.S.C.  § 2254.

9.   An application for a Writ of Habeas Corpus filed under 28 U.S.C.  § 2254(d) requires that a petitioner be "in custody" under the challenged conviction or sentence. The "in custody" requirement is determined at the time the federal petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

10.  Mr. Watts is currently "in custody" pursuant to the Judgment, Sentence and Commitment filed on September 10, 2009 in the Twelfth Judicial District Court, Otero County, Cause No. CR-2009-211. [Doc. 11-1, Ex. A.]  He is no longer "in custody" for the 2006 conviction pursuant to which he claims he was forced to served four (4) additional months after the conviction was reversed by the New Mexico Court of Appeals.  In addition, he has stated

twice that he does not contest the current judgment.[2] Mr. Watts therefore fails to meet the "in custody" requirement of 28 U.S.C. § 2254(a). *Maleng v. Cook*, 490 U.S. at 491(petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed"); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004)(a prisoner's sentence expires and he is no longer "'in custody' under that conviction sufficient for the court to exercise jurisdiction to the habeas petition under § 2254.")

<u>Mr. Watts's Petition for Writ of Federal Habeas Corpus
would nevertheless be denied on the merits</u>.

11. Mr. Watts's 2006 conviction was reversed by the New Mexico Court of Appeals on November 20, 2006. [Doc. 11-1, Ex. K.] Mr. Watts claims that he should have been immediately released at this point.

12. However, at the time of his conviction in March 2006, Mr. Watts was refused bond pending appeal. [Doc. 11-3, Ex. CC, notation at entry dated 3/06/2006.]

13. In addition, pursuant NMRA 12-404(C), the State of New Mexico timely filed a motion for rehearing within fifteen (15) days after the appellate court's Memorandum Opinion which reversed Mr. Watts's conviction. [Doc. 11-1, Ex. L.]

14. The New Mexico Court of Appeals denied the motion for rehearing on January 17, 2007. [Doc.11-1, Ex. M.] Pursuant to NMRA 12-502(B), the State of New Mexico timely filed a petition for writ of certiorari with the New Mexico Supreme Court. [Doc. 11-2, Ex. N.]

15. In the meantime, Mr. Watts was trying to get released after his conviction. On

---

[2] On May 4, 2010, Mr.Watts filed a Motion for Reconsideration, and Motion for Modification and Reduction of Sentence wherein his counsel stated that "Defendant concedes he is not entitled to credit for the time served on the previous case." [Doc. 11-1, Ex. C at ¶ 7.] Then, in his Application for Writ of Habeas Corpus he states unequivocally that he is "not attacking the judgment under which I am currently being held." [Doc.1 at p. 12.]

December 14, 2006 he filed a Motion to Set Appeal Bond After Reversal.  [Doc. 11-3, Ex. CC, notation at entry dated 12/14/2006.] A hearing was held on March 8, 2007 and an Order Setting Conditions of Release was entered on that date "in court by judge." [Doc. 11-3, Ex. CC, notation at entry dated 3/08/2007.]  Petitioner was released from custody on March 9, 2007.

16.  Petitioner was actually released *prior* to the conclusion of the appeal proceedings in his case. [Doc. 11-1, Exs. L-S.]

Recommended Disposition

17.  The Court recommends that Mr. Watts's request for appoint of counsel be denied and that Mr. Watts's  § 2254 petition be denied and this matter, in its entirety, be dismissed with prejudice.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE